66 253
128 695₁

HARTNETT ET AL. v. THE CITY OF SIOUX CITY.

1. **Appeal to Supreme Court**: CERTIFICATION OF EVIDENCE: TIME. A trial judge has no power to certify to this court the evidence in an equity case after the expiration of six months from date of the judgment appealed from. Laws of 1882, ch. 35. *Mitchell v. Laub*, 59 Iowa, 36, followed in principle.

2. **Practice in Supreme Court**: STIPULATION CONSTRUED. A stipulation that a cause shall be heard in this court at a certain term means only that it shall be heard on such questions as the parties may raise, and not necessarily upon its merits.

*Appeal from Woodbury District Court.*

WEDNESDAY, JUNE 3.·

THIS is an action in equity to restrain defendant and its officers from interfering with plaintiffs in their work of grading and filling certain lots belonging to them. The district court rendered judgment in favor of plaintiffs. Defendant appeals.

*John Brennan*, for appellant..

*Joy, Wright & Hudson*, for appellees.

REED J.—The judgment appealed from was entered on the sixteenth of April, 1884. Defendant filed an abstract in

1. APPEAL to supreme court : certification of evidence: time.

which certain evidence introduced on the trial is set forth, but it is not alleged therein that the abstract contains all the evidence, nor is it shown therein that the evidence was certified by the judge who tried the case. Plaintiffs filed an amended abstract, in which it is alleged that the district judge certified the evidence on the sixth of February, 1885. The correctness of this abstract is not denied. Plaintiff filed in this court a motion to strike out of the abstract what purports to be the evidence in the case, and affirm the judgment of the district court, on the ground that the evidence was not certified by the trial judge until after the expiration of the time allowed by law for taking an appeal, and it is not shown that the abstract contains all of the evidence introduced on the trial. This motion must be sustained. The district judge had no power to certify the evidence after the expiration of six months from the date on which the judgment was entered, that being the period within which an appeal from the judgment could be taken. Chapter 35, Acts of the Nineteenth General Assembly. See also *Mitchell v. Laub*, 59 Iowa, 36. And, as there

is no showing that the abstract contains all the evidence, we cannot dispose of the cause upon the errors assigned.

Appellant's counsel contends, however, that the questions raised by the motion were waived by a stipulation which was 2. PRACTICE signed by plaintiffs' counsel when they accepted in supreme service of the notice of appeal. The stipulation court: stipu- lation con- strued. is in the following language: "We hereby accept full, complete and legal service of the within notice this twenty-seventh of August, 1884, and agree that this cause shall be heard at the March (1885) term of the supreme court, at Council Bluffs." It is contended that by this stipulation the parties agreed that the cause should be heard on its merits. We think, however, that this is not its effect. In the absence of any agreement, the cause would have been for hearing at one of the fall terms of that year. The agreement by its terms continues the hearing to a later term. The six months allowed for taking an appeal had not yet expired when the stipulation was signed. The evidence might have been certified after the agreement was made. There is nothing in the language made use of which indicates any intention to waive this requirement. The stipulation that the cause should be heard at the March term means no more than that it should then be heard on such questions as the parties might raise.

AFFIRMED.